UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

KENDALL DOUGHTY WRIGHT, a/k/a
Patrick Doughty, a/k/a Kendall
Doughty,
  *Defendant-Appellant.*

No. 01-4270

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
Norman K. Moon, District Judge.
(CR-00-38)

Submitted: November 14, 2001

Decided: December 11, 2001

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Michael T. Hemenway, Charlottesville, Virginia, for Appellant. Ruth
Plagenhoef, United States Attorney, Bruce A. Page, Assistant United
States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Kendall D. Wright appeals his conviction and 142-month sentence after pleading not guilty to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (1994) and 21 U.S.C. § 846 (1994). On appeal, Wright argues the district court erred in (1) qualifying Detective Fields as an expert witness as to drug trafficking patterns and practices, and (2) finding Wright possessed a dangerous weapon pursuant to USSG § 2D1.1(b)(1). We affirm.

The district court's decision to accept or reject the qualifications of an expert is reviewed for abuse of discretion. *United States v. Powers*, 59 F.3d 1460, 1470-71 (4th Cir. 1995). Rule 702 of the Federal Rules of Evidence authorizes the presentation of expert opinion testimony in cases in which "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Based on the testimony contained in the record, it is clear Fields had extensive experience and specialized training, satisfying the requirements of an expert witness under Fed. R. Evid. 702. This court has repeatedly upheld the admission of law enforcement officers' expert opinion testimony in drug trafficking cases. *United States v. Gastiaburo*, 16 F.3d 582, 589 (4th Cir. 1994) (listing cases). Therefore, we conclude the district court did not abuse its discretion in qualifying Fields as an expert on drug trafficking patterns and practices in the community.

As to Wright's second claim, a two-level enhancement must be given under USSG § 2D1.1(b)(1) if a dangerous weapon was possessed during the offense. Application Note 3 provides that the enhancement applies if the weapon is present, unless it is clearly improbable that the weapon was connected with the offense. The determination that a weapon is present in a manner that justifies enhancement is a factual question subject to review for clear error.

*United States v. Apple*, 915 F.2d 899, 914 (4th Cir. 1990). Because a firearm was present in the motel room at the time of Wright's arrest, and because Wright has not established it was "clearly improbable that the weapon was connected with the offense," we conclude the district court did not clearly err in making the enhancement.

For these reasons, we affirm Wright's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid in the decisional process.

*AFFIRMED*